LUHRING, J.
This is a suit in equity under Sec. 63, Title 35 U. S. C. A. (R. S. 4915), wherein the plaintiff seeks to compel the Commissioner of Patents to issue a patent to him for certain new and useful improvements in forms of instruments calling for the payment of money, in accord with his application therefor filed on the 2d day of June, 1932, bearing serial number 614858.
The invention relates to forms of instruments for the pay *287 ment of money, such as checks, and adapts the usual and customary forms of such instruments to accommodate the improvements proposed by the invention. For this purpose, the ordinary check form is provided with a protective table comprising a chart composed of a dollar sign immediately followed by a horizontal row of adjacent vacant compartments of a size and shape to accommodate one only of the numerals of the amount in figures for which the check is drawn. Immediately appurtenant to each of these compartments is an undesignated and undenominated upright column of the numerals 1 to 9, inclusive, in sequence preceded or followed by a cipher. In use the amount of the check is indicated by inserting the numerals thereof in successive compartments, respectively, beginning at the first blank compartment to the left and over the first column of numerals. As a protective measure the printed numerals corresponding to those entered in the compartments are cancelled in the columns respectively individual to the compartment. Any blank terminal compartment and its appurtenant numeral column may be appropriately can-celled, as by drawing a line there through or otherwise, at the option of the user.
It appears by the bill that claims 10 to 13, inclusive, were finally refused by the patent office.
Claim 13 is illustrative, and is as follows:
“A blank form of instrument calling for the payment of money consisting of a rectangular sheet of paper of suitable size on one side of which are imposed any appropriate words and figures and having indicated spaces for the names of maker or drawer and payee and other desirable information and having means for indicating the amount for which the instrument is drawn comprising a chart composed of a dollar sign immediately followed by a horizontal row of adjacent vacant compartments, each compartment having immediately appurtenant to it an undesignated and undenominated upright column of the numerals! to 9 inclusive in sequence preceded or followed by a cipher, adapted for validating the digit contained in *288 the amount of dollars placed in the compartment to which said column is appurtenant as by cancelling the corresponding numeral in said column, the placing of the cents or no-cents fraction in one of said compartments serving to invalidate the column associated with that compartment and all compartments and columns, if any, to the right thereof, the left hand column of numerals having parallel thereto and distant therefrom less than the width of one of said compartments, a column of markings of distinctive form, such as stars, for preventing any other utilization of the space so occupied.”
The Court finds that each of said claims, 10 to 13, inclusive, is not patentable over the prior art as exemplified by the following patents:
Man 68,448 September 3,1867
Goosman 1,409,706 March 14,1922.
Man employs figures, arranged in a tabular form to allow of punching out or otherwise ineffaceably marking a figure or cipher in each column, so as to more efficiently guard against altering the amount of the check. In use the amount is written in the compartments and the corresponding numerals are cancelled. The Man compartments are designated “units,” “tens,” “hundreds,” etc., and are filled in from the right to the left, whereas in the claim under consideration the compartments have no such designation, and are filled in from the left to the right.
Goosman also shows a protective table essentially the same as that claimed by the applicant, and so arranged that the amount numerals are marked from left to right. See Fig. 2 of that reference.
The bill is dismissed.